UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Demetreus Anthony McGinnis, | Case No. 19-cv-2376 (NEB/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Vicki Jansen, | |
| Respondent. | |

Demetreus Anthony McGinnis, OID #229562, MCF – Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767 (pro se Petitioner); and

Michael J. Lieberg, Chief Deputy County Attorney, Stearns County Attorney's Office, Administration Center, Room 448, 705 Courthouse Square, St. Cloud, MN 56303-4701 (for Respondent).

This matter is before the Court on pro se Petitioner Demetreus Anthony McGinnis's Motion to Expand the Record Pursuant to Rule 7, Rules Governing § 2254 Cases, ECF No. 36. Respondent Vicki Jansen opposes the motion. *See generally* ECF No. 39.

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts permits expansion of the record with "additional materials relating to [a] petition" for a writ of habeas corpus. Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."). The decision whether to expand the record lies within the discretion of the Court. *See Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007).

1

Relevant to the instant motion, McGinnis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been remanded by the district court for further consideration. *See generally McGinnis v. Jansen*, No. 19-cv-2376 (NEB/TNL), 2020 WL 5768848 (D. Minn. Sept. 28, 2020) [hereinafter Order on R&R].[1] The district court "conclude[d] that the entire trial transcript is necessary to determine whether the [Minnesota] Court of Appeals' holding as to prejudice was unreasonable," and "remand[ed] the case . . . for further consideration . . . after a review of the entire record." Order on R&R, 2020 WL 5768848, at *5. Jansen has complied with the Court's October 26, 2020 Order, ECF No. 34, which directed her to electronically file and serve Petitioner with the trial transcript. *See generally* ECF Nos. 37 through 37-6.

Whether McGinnis is entitled to habeas relief turns on "the reasonableness of the Court of Appeals' determination that no *Doyle* violations occurred and that McGinnis 'failed to show that the result of his appeal would have been different.'" Order on R&R, 2020 WL 5768848, at *5 (quoting *McGinnis II*, 2018 WL 3097169, at *4). The district court held that "[a] fair and complete review under the § 2254(d) standard requires a review of McGinnis's entire trial, in order to determine the extent and context of the prosecutor's statements and for further analysis under *Doyle* and *Anderson*." *Id.*; *see also id.* ("[T]he entire trial transcript is necessary to determine whether the Court of Appeals' holding as to

---

[1] ECF No. 31. This Order likewise assumes a familiarity with both the district court's Order on Report and Recommendation, *see generally* Order on R&R, 2020 WL 5768848, and the Court's prior Report & Recommendation, ECF No. 21, *see generally McGinnis v. Jansen*, No. 19-cv-2376 (NEB/TNL), 2020 WL 5775849 (D. Minn. June 19, 2020) [hereinafter R&R], *adopted in part and remanded in part*, Order on R&R, 2020 WL 5768848 (D. Minn. Sept. 28, 2020).

prejudice was unreasonable."). The district court also held that, "[i]f *Doyle* violations occurred, [the undersigned] must also analyze 'in light of the record as a whole' whether the violation[s] 'had a substantial and injurious effect on the verdict.'" *Id.* (internal quotation marks omitted) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

McGinnis now moves to expand the record to include certain trial court exhibits, including "reports made by BCA scientists" and pictures. ECF No. 36 at 2. McGinnis asserts that that these reports and pictures will prove his defense theory and "disprove the testimony of the medical examiner," which he contends was the "only . . . 'independent' piece of evidence offered by the state [at trial] that would appear to contradict [his] version of events regarding the shooting incident." ECF No. 36 at 2. Accordingly, McGinnis asserts that these reports and pictures are relevant to the overall strength of the state's case and any assessment of whether there was a substantial and injurious effect on the verdict in light of the record as a whole.

"The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials." *Brecht*, 507 U.S. at 633 (quotation omitted). This Court's review does not involve a reweighing of the evidence presented at trial. Nor is this proceeding an opportunity to further develop or enhance trial theory. Therefore, the Court will deny McGinnis's motion.

In closing, one of the questions the parties have been directed to address is: assuming the prosecutor's conduct violated *Doyle*, did those violations have a substantial and injurious effect on the verdict in light of the record as a whole? To the extent McGinnis

wishes to make arguments regarding the overall strength of the state's case in answering that question, including but not limited to references to any cross-examination of the medical examiner on any purported inconsistencies between the medical examiner's testimony and other evidence presented at trial, he should feel free to do so.

**IT IS SO ORDERED.**

Date: January __8__, 2021                              *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *McGinnis v. Jansen*
                                                      Case No. 19-cv-2376 (NEB/TNL)