UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEMETREUS ANTHONY MCGINNIS, | Case No. 19-CV-2376 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| VICKI JANSEN, | |
| Respondent. | |

---

*Pro se* petitioner Demetreus Anthony McGinnis petitioned under 28 U.S.C. Section 2254 for writ of habeas corpus. (ECF No. 1.) In the Report and Recommendation dated July 25, 2022, United States Magistrate Judge Tony N. Leung recommends denying McGinnis's petition and dismissing the action with prejudice. (ECF No. 58 ("R&R").) After several extensions, McGinnis filed objections to the R&R, and Respondent Vicki Jansen filed a response brief to the objections. (ECF Nos. 70 ("Obj."), 72.) Because McGinnis objects, the Court reviews the R&R *de novo*.[1] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

---

[1] Respondent argues that the Court should apply a clear error standard because McGinnis failed to make specific objections. (ECF No. 72 at 2.) Although courts in this District have applied the clear error standard of review for non-specific objections, the Eighth Circuit has emphasized the necessity for *de novo* review when a party makes any objection. *See United States v. Chapman*, No. 18-CR-250 (ECT/SER), 2019 WL 1487847, at *1–2 (D. Minn.

1

## BACKGROUND

The R&R, this Court's previous order, and the Minnesota Court of Appeals opinions explain the facts and procedural posture of this case and those are incorporated here.[2] (R&R at 2–37; ECF No. 31); *State v. McGinnis*, No. A15-1043, 2016 WL 3659127 (Minn. Ct. App. July 11, 2016) ("*McGinnis I*"); *McGinnis v. State,* No. A17-1674, 2018 WL 3097169 (Minn. Ct. App. June 25, 2018) ("*McGinnis II*").

In his habeas petition, McGinnis asserts ineffective-assistance-of-appellate-counsel claims for failing to challenge the prosecutor's improper references to McGinnis's post-arrest silence as substantive evidence and as impeachment, an issue falling under *Doyle v. Ohio*, 426 U.S. 610 (1976), and *Anderson v. Charles*, 447 U.S. 404 (1980). (*See* ECF No. 31 at 8–9.) Because McGinnis submitted only excerpts of the trial transcript to support this claim, the Court ordered him to submit the trial transcripts to the Court and remanded the case to Judge Leung for consideration of the questions raised by McGinnis's claims. (*Id.* at 13.)

On remand, Judge Leung carefully reviewed the trial transcript and, in a 60-page R&R, concluded that "the Minnesota Court of Appeals did not unreasonably apply *Anderson* to the facts of this case when it determined that no *Doyle* violation occurred."

---

Apr. 4, 2019) (collecting cases and discussing Eighth Circuit precedent); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

[2] Neither party objects to the summary of the facts in the R&R.

2

(R&R at 58.) He also found that McGinnis was not prejudiced by the prosecutor's conduct because it was not objectively unreasonable for the Court of Appeals to conclude that an argument based on the prosecutor's conduct would have failed. (*Id.*) McGinnis objects to the R&R, asserting that the prosecutor's conduct violated *Doyle* and *Anderson*.

## ANALYSIS

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and quotation marks omitted). Under the AEDPA, the Court "exercise[s] only limited and deferential review of underlying state court decisions." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citing 28 U.S.C. § 2254(d)). McGinnis may prevail under Section 2254(d) by showing that the Minnesota Court of Appeals' decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A state-court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts

3

that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite] result." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Because McGinnis asserts an ineffective-assistance-of-counsel claim, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)). To establish a constitutional violation under *Strickland*, McGinnis must show that (1) his appellate counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Barnes v. Hammer*, 765 F.3d 810, 813–14 (8th Cir. 2014) (citing *Strickland*, 466 U.S. at 687). Both *Strickland* and Section 2254(d) employ a "highly deferential" standard. *Richter*, 562 U.S. at 105.

When *Strickland* and Section 2254(d) apply in tandem, "[t]he question is whether there is *any reasonable argument* that counsel satisfied *Strickland's* deferential standard." *Id*. (emphasis added). McGinnis must show that the Court of Appeals decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

## II.     The Minnesota Court of Appeals Decision

Under this standard, the R&R and this Court begin with the decision of the Minnesota appellate court. In its decision, the Minnesota Court of Appeals first assumed

4

that appellate counsel's performance was deficient by failing to obtain McGinnis's entire file and failing to challenge on direct appeal the prosecutor's use of McGinnis's post-arrest silence at trial. *See McGinnis II*, 2018 WL 3097169, at *3. It then assessed the prejudice prong of *Strickland*, considering the merits of McGinnis's claim that the prosecutor's conduct violated *Doyle*. *See id.* at *3–*4 (analyzing *Doyle*, 426 U.S. 610, and *Anderson*, 447 U.S. 404). *Doyle* prohibits "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda*[3] warnings." *Id.* at *3 (citing *Doyle*, 426 U.S. at 619). The Court of Appeals determined that, unlike the defendants in *Doyle*, "who said nothing about the alleged drug sale after they were arrested and received *Miranda* warnings, McGinnis gave police a statement about the events surrounding the shooting. Then, at trial, McGinnis testified about events that occurred during the two hours between the shooting and his arrest that he had not described in his statement to police." *Id.* The court likened McGinnis to the defendant in *Anderson*, who was asked questions about his post-arrest failure to tell officers the same story that he told the jury. *Id.* at *4. The court observed that in *Anderson*, the Supreme Court noted that "[e]ach of two inconsistent descriptions of events may be said to involve 'silence' insofar as it omits facts included in the other version. But *Doyle* does not require any such formalistic understanding of 'silence,' and we find no reason to adopt such a view in this case." *Id.* (citing *Anderson*, 447 U.S. at 409). The Court of Appeals concluded that "like the cross-

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

5

examination in *Anderson*, the prosecutor's references to McGinnis's failure to include certain events in his statement to police were not designed to draw meaning from silence, but to elicit an explanation for a prior inconsistent statement." *Id.* McGinnis thus "failed to show that the result of his appeal would have been different if appellate counsel had obtained an unredacted copy of his statement to police and argued that the prosecutor improperly referred to McGinnis's post-arrest silence." *Id*. The Court of Appeals rejected McGinnis's *Strickland* claim.

### III.   Objections

McGinnis contends that the Court of Appeals decision unreasonably applied and conflicted with *Doyle* and *Anderson*, and objects that the R&R concluded otherwise.[4] (Obj. at 12.) During opening statements, witness testimony, and closing arguments, the prosecutor raised McGinnis's silence about the fact that he had arranged the sale that led to the shooting, met with a female individual (G.M.) after the shooting, and drove around with his friend (C.B.) between the shooting and turning himself in. (*See* Tr. at 600–01 (opening statement), 606 (same), 921 (Officer Miller), 926 (same), 1038 (Investigator Bluhm), 1476 (McGinnis), 1503–05 (same), 1512–14 (same), 1552 (closing statement), 1558–

---

[4] McGinnis also claims that the Court of Appeals unreasonably applied *Doyle* and *Anderson* to the facts of McGinnis's case. (Obj. at 12.) The Court agrees with the R&R that McGinnis's petition challenges only the application of clearly established federal law, and not the determination of historical facts. (R&R at 39–41 (citing *Finch v. Payne*, 983 F.3d 973, 980 (8th Cir. 2020)).)

63 (same), 1574 (same), 1597 (same).) McGinnis asserts that his post-arrest[5] statement to officers was not inconsistent with his trial testimony about how the sale was arranged or what he did during the two hours between the shooting and turning himself in, because he did not mention these issues to the officers and the officers did not ask him questions about them. (Obj. at 12–13.) According to McGinnis, the prosecutor raised McGinnis's silence about these issues to infer his guilt by suggesting that McGinnis did not tell the officers about these events because they were not true.[6] (*Id.* at 13.)

As explained above, the standard of review here is that this Court should deny the petition if there is "any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 562 U.S. at 105. Having reviewed the trial transcripts, the parties'

---

[5] McGinnis acknowledges that the prosecutor's references to McGinnis's pre-arrest silence about the two-hour delay between the shooting and when he spoke with officers is permissible. (*See* ECF No. 57 at 16–17 (citing *Jenkins v. Anderson*, 447 U.S. 231 (1980) and Tr. at 601, 1504, 1512).)

[6] McGinnis also argues at some length that *Bass v. Nix*, 909 F.2d 297 (8th Cir. 1990), supports his position that a *Doyle* violation may warrant habeas relief even when a prosecutor also impeaches based on pre-arrest silence. (Obj. at 6–9, 13); *see Bass*, 909 F.2d 297, *overruled on other grounds by Brecht v. Abrahamson*, 507 U.S. 619 (1993). He did not cite *Bass* or other Eighth Circuit cases before Judge Leung. (*See* Obj. at 9–10 (also citing for the first time *Fields v. Leapley*, 30 F.3d 986 (8th Cir. 1994), and *United States v. Harris*, 956 F.2d 177 (8th Cir. 1992).) "When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, 'a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'" *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted). Because McGinnis did not make this argument before Judge Leung, the Court declines to consider it. *See id.* (concluding that the district court properly refused to consider an argument because it "was not presented first to the magistrate judge").

7

habeas briefs, the R&R, the objection, and response, the Court finds that given the events at trial, the prosecutor's conduct was at least arguably permissible under *Doyle* and *Anderson*. *See Ervin v. Bowersox*, 892 F.3d 979, 984 (8th Cir. 2018) (courts must analyze events at trial to determine whether a *Doyle* violation occurred).

After being advised of his *Miranda* rights, McGinnis voluntarily spoke to police about the facts of the offense. When he did so, he did not remain silent about the subject matter of his statements. *Anderson*, 447 U.S. at 408. At trial, McGinnis testified about some facts that contradicted his prior statement to officers[7] and other facts he had omitted. The prosecutor's cross-examination of McGinnis arguably sought to impeach his testimony with inconsistent statements and omissions, not to draw meaning from his silence.[8] *See Ervin*, 892 F.3d at 983 ("[T]he state is not prohibited from cross-examining a defendant who voluntarily waives his right to remain silent so long as the questions asked are not 'designed to draw meaning from silence,' but instead are used only to elicit an explanation for a prior inconsistent statement." (citing *Anderson*, 447 U.S. at 409)). The

---

[7] McGinnis does not dispute that the prosecution could cross-examine him about his inconsistent statements, *e.g.*, whether he had a cell phone or had spoken to his girlfriend. (*See* ECF No. 49 at 18; R&R at 52–53.)

[8] The prosecutor arguably raised McGinnis's invocation of the right to remain silent after he waived that right and gave a statement. (*E.g.*, Tr. at 1503–04 ("you're the one that decided to stop talking, right?").) But, as the R&R notes, "[i]n light of the fact that the United States Supreme Court has not decided whether a defendant's assertion of his previously waived *Miranda* rights may be used against him, the Minnesota Court of Appeals] decision that no *Doyle* violation occurred did not constitute an unreasonable application of clearly established federal law." *Ervin*, 892 F.3d at 984.

prosecutor's statements and questions ask why, if McGinnis's trial testimony were true, did he not tell officers about how the sale was arranged or what he did in the two hours between the shooting and turning himself in. *See Brecht v. Abrahamson*, 507 U.S. 619, 628 (1993) ("Indeed, if the shooting was an accident, petitioner had every reason—including to clear his name and preserve evidence supporting his version of the events—to offer his account immediately following the shooting.").

As he did before the Court of Appeals, McGinnis attempts to distinguish between the prosecutor's questions and statements about McGinnis's inconsistent statements and those about omissions from his prior statement. The Court of Appeals disagreed, relying on *Anderson´s* rejection of a similar argument: "Each of two inconsistent descriptions of events may be said to involve 'silence' insofar as it omits facts included in the other version. But *Doyle* does not require any such formalistic understanding of 'silence.'" *McGinnis II*, 2018 WL 3097169, at *4 (citing *Anderson*, 447 U.S. at 409)). The Court does not find the Court of Appeals' conclusion to be unreasonable. (*See also* R&R at 55–58 (offering additional support for the reasonableness of the Court of Appeals decision).)

The Court of Appeals' determination that no *Doyle* violations occurred and that McGinnis "failed to show that the result of his appeal would have been different," *id.* at *4, was not unreasonable, that is, the decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any

9

possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The Court thus denies the habeas petition.

### IV.     Certificate of Appealability

The final issue is whether to issue a certificate of appealability for McGinnis's petition. A petitioner seeking relief under Section 2254 cannot appeal an adverse ruling absent a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of appealability only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds it unlikely that any other court would decide McGinnis's petition differently than it has. McGinnis has not established the substantial showing necessary, and the Court therefore denies the issuance of a certificate of appealability.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. McGinnis's objection (ECF No. 70) is OVERRULED;

2. The Report and Recommendation (ECF No. 58) is ACCEPTED;

3. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is DENIED;

4. This action is DISMISSED WITH PREJUDICE; and

5. McGinnis is not granted a Certificate of Appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 23, 2023

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge